FILED

MAR 14 2008

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| JOSE CORELLA and ROSA DELIA CORELLA aka Rosa Delia Navarro, | Case No. 4-06-00864-EWH |
| Debtors. | **MEMORANDUM DECISION** |

## I. INTRODUCTION

In this case, the Trustee, at the court's direction, filed an Order to Show Cause seeking revocation of the Debtors' discharge. The court's direction was procedurally incorrect, but even if the Trustee had followed the proper procedures, the Debtors' discharge cannot be revoked because the Trustee was aware of Debtors' failure to file their tax returns prior to the entry of their discharge. Accordingly, the Trustee's request for revocation of discharge is denied.

## II. FACTUAL & PROCEDURAL HISTORY

When the Debtors filed their pro se Chapter 7 case on July 27, 2006, they had not filed their 2006 tax returns ('Returns"). The Chapter 7 Trustee informed them that a portion of their 2006 state and federal tax refunds (if any) were property of their bankruptcy estate and instructed them to file their Returns. The Trustee also obtained

from the Debtors a signed "acknowledgment," which the Trustee filed with the IRS directing the turnover of any 2006 tax refund to the Trustee. However, because the Debtors did not file their tax return, the acknowledgment has had no effect.[1]

The Trustee sent letters to the Debtors in January, prior to the entry of their discharge on April 11, 2007, and again in May and October of 2007, reminding them of their obligation to file their Returns, but the Debtors failed to do so. On November 27, 2007, the Trustee filed a Motion for Turnover demanding that the Debtors turn over copies of their Returns and any associated refunds. The Debtors failed to appear at the January 8, 2008 hearing on the turnover motion. At that hearing, the Trustee informed the court that the entry of a judgment for any 2006 tax refund was not feasible because the Debtors' failure to file their Returns made it impossible to determine the amount of a judgment. The court instructed the Trustee to file an Order to Show Cause why the Debtors' discharge should not be revoked for failure to comply with a debtor's duties under the Code.

On February 7, 2008, the Trustee filed an Application for Order to Show Cause why the Debtors' discharge should not be revoked. The Trustee served the Debtors with the Oder to Show Cause by first-class mail on February 12, 2008. The Show Cause hearing was held on March 8, 2008. The Debtors did not appear or otherwise respond. There is no evidence that the Debtors have filed the Returns.

---

[1] The acknowledgment procedure was worked out by the U.S. Trustee and the IRS. Apparently, the "acknowledgments" can expire and/or are sometimes ignored by the IRS which may result in Debtors receiving a tax refund which properly belongs to the estate.

2

## III. JURISDICTION

The court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and 157(b)(A), (E) and (J).

## IV. ISSUES

1. Can an Order to Show Cause Procedure be used to revoke a discharge?
2. Should the Debtors' discharge be revoked?

## V. DISCUSSION

Under the amendments made to the Bankruptcy Code by BAPCPA, a debtor must, at the request of a trustee, file with the court any federal tax returns "with respect to each tax year of the debtor ending while the case is pending." U.S.C. § 521(f)(1). The Returns fall squarely within the provision of § 521(f)(1). Furthermore, debtors must "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties." 11 U.S.C. § 521(a)(3). Assuming that the Debtors were entitled to receive a refund, the failure of the Debtors to file their Returns may have prevented the Trustee from performing her duty to collect assets of the estate for distribution to creditors.

### A. Order to Show Cause Procedure May Not be Used to Revoke a Discharge

The Trustee, following the court's direction, filed an Application and Order to Show Cause why the Debtors' discharge should not be revoked. The court's direction was wrong.

Federal Rule of Bankruptcy Procedure 7001(4) requires such actions to be filed as adversary proceedings. In re Stedham, 327 B.R. 889, 900 (Bankr. W.D. Tenn.

3

2005). An order to show cause is a motion. Motions are contested matters under Federal Rule of Bankruptcy Procedure 9014 -- <u>not</u> adversary proceedings.

B. <u>Even If The Trustee Filed an Adversary Proceeding, She Would Not Prevail Under § 727(d)</u>

It is less than one year since the Debtors received their discharge and the case is not yet closed. The Trustee, therefore, still has time to file an adversary proceeding seeking revocation. See 11 U.S.C. § 727(e). The court will, therefore, briefly review the Trustee's § 727(d) claims.

The Trustee, as the party seeking revocation, bears the burden of proof by a preponderance of the evidence. Because revocation is an extraordinary remedy, § 727(d) is liberally construed in favor of the debtor and strictly construed against the party seeking revocation. <u>Stedham</u>, 327 B.R. at 900.

Section 727(d) permits revocation in the following circumstances:

(1) the discharge was obtained through fraud <u>and</u> the requesting party did not know of such fraud until after the granting of the discharge;

(2) the Debtors acquired property or became entitled to acquire property that would be property of the estate and knowingly and fraudulently failed to report the acquisition of or entitlement to such property or to deliver or surrender such property;

(3) the Debtors refused to obey a lawful order of the court;

4

(4) the Debtors failed to satisfactorily explain a material misstatement in an audit conducted under § 586(f) of Title 28 or failed to make documents available for such an audit.

11 U.S.C. § 727(d).

There is no evidence that the Debtors were subject to an audit in this case. There is also no evidence that the Debtors failed to follow a lawful order of the court. They did fail to file their Returns as demanded by the Trustee, but the Trustee never obtained a court order requiring them to do so, so § 727(d)(3) does not apply.

In order to prevail under either 11 U.S.C. §§ 721(d)(1) or (d)(2), the Trustee would have to demonstrate that she did not learn of the Debtors' refusal to file their Returns until <u>after</u> the discharge was granted. See In re Eppers, 311 B.R. 826, 831 (Bankr. D. N.M. 2004) (the party seeking revocation under § 727(d)(1) must prove that: (1) the debtor procured his discharge by fraud; and (2) movant was unaware of the debtor's fraud prior to the discharge); <u>see also</u> In re Dietz, 914 F.2d 161 (9th Cir. 1990). In <u>In re Osborne</u>, 2008 WL 56021 (Bankr. W.D. Ky. Jan. 3, 2008), the court held that even if a debtor's conduct meets the requirements for discharge revocation under § 727(d)(2), because the creditor knew of the conduct before the debtor received the discharge, the creditor was estopped from seeking revocation.[2] In this case, the

---

[2] Arguably the failure to file a tax return falls within the provisions of § 727(d)(2). Section 727(d)(2) refers to property or the right to acquire property which would be property of the estate. Filing a tax return may generate a right to a refund which would be property of the estate. Numerous courts have revoked discharge because of a debtor's failure to turn over a <u>tax refund</u>. See In re Klages, 381 B.R. 550 (8th Cir. BAP 2008); In re Echart, 374 B.R. 596 (Bankr. E.D. Tex. 2007); In re Muniz, 320 B.R. 697 (Bankr. D. Colo. 2005) (All cases where the Trustee filed an adversary proceeding).

Trustee knew, <u>before</u> the Debtors received their discharge, that they had failed to file their Returns. She cannot, therefore, use §§ 721(d)(1) or (d)(2) to now revoke their discharge.

The court understands that this is a frustrating result for the Trustee, who spent time writing letters and filing pleadings (including the pleadings the court directed her to file) in an effort to make the Debtors comply with their statutory obligations. The court shares the Trustee's frustration, but the rules require that adversary proceedings be filed to deny or revoke a discharge. Furthermore, to revoke a discharge, a debtor's conduct must fall within the provisions of § 727(d). Absent such evidence, the discharge cannot be revoked.

One way to prevent the outcome in this case would be for the Trustee to obtain a court order requiring the filing of returns, followed by the timely filing of an adversary proceeding to deny the Debtors a discharge under § 727(a)(6). Because of the time it may take for Debtors to file returns and the workload of trustees, it may be necessary to extend the bar date for the trustees to file discharge complaints where Debtors have failed to file their tax returns. Such motions will be freely granted by the court. In the alternative, the Trustee could notify the taxing authorities that the tax return has not been filed. The taxing authorities may then request dismissal of the case under § 521(j)(1).

6

## V. CONCLUSION

An Order to Show Cause may not be used to revoke a discharge. Even if the Trustee were to file an adversary proceeding in this case, she could not meet her burden of proof under § 727(d). Accordingly, the Debtors' discharge cannot be revoked.

DATED: March 14, 2008

_/s/ Eileen W. Hollowell_
HONORABLE EILEEN W. HOLLOWELL
UNITED STATES BANKRUPTCY JUDGE

COPIES mailed this 14th day of March, 2008, to:

Jose Corella and Rosa Delia Corella
4545 South Mission Rd. #400
Tucson, AZ 85746

Beth Lang
1955 West Grant Rd. #125
Tucson, AZ 85745

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706

By _/s/ Jannis Medina_
    Judicial Assistant